UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DWAYNE REED                                    :

              Petitioner,       :        08-cv-9311 (NSR) (LMS)

   -against-                                  :

                       :        MEMORANDUM

JOSEPH T. SMITH, *Superintendent, Shawangunk,* :        DECISION
*Correctional Facility,*

              Respondent.       :

------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

       Dwayne Reed ("Petitioner"), an inmate at the Shawangunk Correctional Facility

proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  Now pending before

the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Lisa M. Smith,

pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that

the petition be denied in its entirety.  Petitioner has filed no objections to the R&R.  For the

following reasons, the Court adopts the R&R, and the petition is denied and dismissed.  The

Court presumes familiarity with the factual and procedural background of this case.

       When a claim has been adjudicated on the merits in a state court proceeding, a prisoner

seeking habeas relief must establish that the state court's decision "was contrary to, or involved

an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States." 28 U.S.C. § 2254(d)(1); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d

Cir. 2008).  A state court's findings of fact are presumed correct unless the petitioner rebuts the

presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

       If so designated by a district court, the magistrate judge may "hear a pretrial matter [that

is] dispositive of a claim or defense." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B).

In such a case, the magistrate judge "must enter a recommended disposition, including, if

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/7/2014

Copies mailed/faxed 2/7/2014 ⊘

Chambers of Nelson S. Román, U.S.D.J.

appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1).

Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and
> file written objections to such proposed findings or recommendations as provided
> by rules of court. A judge of the court shall made a de novo determination of
> those portions of the report or specified proposed findings or recommendations to
> which objection is made. A judge of the court may accept, reject, or modify, in
> whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). A district court "may adopt those

portions of the Report to which no objections have been made and which are not facially

erroneous." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003)

(quoting *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)). The clearly erroneous

standard also applies when a party makes only conclusory or general objections, or simply

reiterates original arguments. *See Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Courts "generally accord[] leniency" to objections of *pro se* litigants and construe them

"to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527 (KMW)

(DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks and

citations omitted). However, a *pro se* party's objections "must be specific and clearly aimed at

particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at

the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*,

No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quoting

*Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381–82

(W.D.N.Y. 1992)).

2

Here, as the R&R was issued on July 16, 2013, the initial deadline for filing objections was August 2, 2013. The Court twice granted Petitioner's requests for extensions of time to file objections, which time was extended through January 6, 2014. However, since Petitioner failed to file objections, the Court has reviewed Judge Smith's R&R for clear error and found none.

## CONCLUSION

Accordingly, the Court adopts Judge Smith's R&R in its entirety. The petition for a writ of habeas corpus is, therefore, DENIED. The Clerk of Court is directed to enter judgment accordingly and close this case.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259–60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated:  Feb 7ᵗʰ      , 2014
        White Plains, New York

SO ORDERED:

_____ 2/07/14
NELSON S. ROMÁN
United States District Judge